**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

KIM ALBERT and MUJAHID        :
MUKARAM,                       :
                               :
     Plaintiffs,              :
                               :       CIVIL ACTION NO.
v.                             :       1:10-CV-03238-RWS
                               :
CITIMORTGAGE, INC.,            :
                               :
     Defendant.               :

<u>**ORDER**</u>

     This case is before the Court on Defendant's Motion to Dismiss [3]. After reviewing the entire record, the Court enters the following Order.

**Background**

     Plaintiffs Kim Albert and Mujahid Mukaram (collectively "Plaintiffs") filed this suit against CitiMortgage, Inc. ("CitiMortgage" or "Defendant") asserting claims following the foreclosure of their home located at 3020 Sable Run, College Park, Fulton County, Georgia. (Complaint, Dkt. No. [1-2] at p. 3). Plaintiffs' Complaint states twelve counts: breach of contract (Count I), fraudulent misrepresentation (Count II), promissory fraud/fraud in the inducement (Count III), promissory estoppel (Count IV), wrongful foreclosure (Count V), RICO

AO 72A
(Rev.8/82)

(Count VI), surprise (Count VII), breach of statutory duty (Count VIII), breach of fiduciary duty (Count IX), tortious interference (Count X), conversion (Count XI), and wrongful eviction (Count XII).

On October 8, 2010, Defendant brought the present Partial Motion to Dismiss. Defendant asserts that Plaintiffs' claims for fraudulent misrepresentation (Count II), promissory fraud/fraud in the inducement (Count III), RICO (Count VI), surprise (Count VII), breach of statutory duty (Count VIII), and breach of fiduciary duty (Count IX) should be dismissed for failure to state a claim upon which relief can be granted. Defendant alleges that Plaintiffs have not plead sufficient facts to satisfy the heightened pleading requirements for their fraud based claims under Fed. R. Civ. P. 9(b). (Memorandum in Support of Defendant's Motion to Dismiss Plaintiffs' Complaint) ("Def's Memo"), Dkt. No. [3-1] at 7-8). Defendant further alleges that Plaintiffs have not plead any facts to support a RICO claim, that Plaintiffs' breach of statutory duty claim is redundant, and that Defendant does not owe Plaintiffs any fiduciary duty. (Def's Memo, Dkt. No. [3-1] at 10-17).

Plaintiffs responded to Defendant's Motion to Dismiss on October 27, 2010. (Plaintiffs' Response to Defendant's Motion to Dismiss ("Pl's Response"), Dkt.

AO 72A
(Rev.8/82)

No. [4]).  This response was not filed within the time allowed by the Court.  Local Rule 7.1(B) provides that:

> Any party opposing a motion shall serve the party's response, responsive memorandum, affidavits, and any other responsive material not later than fourteen (14) days after the service of the motion . . . . Failure to file a response shall indicate that there is no opposition to the motion.

Additionally, Fed. R. Civ. P. 6(d) provides that "3 days are added after the period would otherwise expire . . . ."   As such, Plaintiffs' response was due 17 days after October 8, 2010, or October 25, 2010.  As Plaintiffs did not file their response until October 27, 2010, Plaintiffs have failed to timely respond to Defendant's motion to dismiss.  Thus, under Local Rule 7.1(B), the Defendant's motion would be deemed unopposed.  However, an unopposed motion does not mean that the moving party automatically prevails; rather, the Court is still required to consider the merits of the motion.  See Dunlap v. Transamerica Occidental Life Ins. Co., 858 F.2d 629, 632 (11th Cir. 1988) (in an unopposed motion for summary judgment, the district court must "indicate that the merits of the motion were addressed"); Simpson v. Countrywide Home Loans, 2010 WL 3190693, at *3 (N.D. Ga. Apr. 26, 2010) (holding that "unopposed" under Northern District of Georgia Local Rule 7.1(B) does not mean the non-responsive

party "abandoned" its claims in the motion to dismiss context).  Therefore, the Court will consider the merits of Defendant's Motion to Dismiss.

Discussion

I.      Standard for Motion to Dismiss

Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief."   While this pleading standard does not require "detailed factual allegations," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do."  Ashcroft v. Iqbal, 556 U.S. ----, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).  In order to withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570).  A complaint is plausible on its face when the plaintiff pleads factual content necessary for the court to draw the reasonable inference that the defendant is liable for the conduct alleged.  Id.

It is important to note that while the factual allegations set forth in the complaint are to be considered true at the motion to dismiss stage, the same does not apply to legal conclusions set forth in the complaint. Sinaltrainal v. Coca-Cola

4

Co., 578 F.3d 1252, 1260 (11th Cir. 2009) (citing Iqbal, 129 S. Ct. at 1949).

"Threadbare recitals of the elements of a cause of action, supported by mere

conclusory statements, do not suffice." Iqbal, 129 S. Ct. at 1949. The court does

not need to "accept as true a legal conclusion couched as a factual allegation."

Twombly, 550 U.S. at 555. In light of this standard, the Court now examines the

Plaintiffs' Complaint to determine whether the pleading is sufficient to survive a

motion to dismiss.

II.     Sufficiency of Plaintiffs' Claims

        A.     Fraud Based Claims

        Defendant has brought a Motion to Dismiss Plaintiffs' three claims that

sound in fraud: fraudulent misrepresentation (Count II), promissory fraud/fraud in

the inducement (Count III), and surprise (Count VII)[1]. Complaints that allege fraud

must meet the heightened pleading standards of Federal Rule of Civil Procedure

9(b), which requires that the circumstances constituting fraud must be stated with

particularity. " A complaint satisfies Rule 9(b) if it sets forth precisely what

statements or omissions were made in what documents or oral representations, who

---

[1] The Court construes Plaintiffs' surprise count to be a claim under O.C.G.A. § 23-2-54, which provides that "[a]nything which happens without the agency or fault of the party affected by it, tending to disturb and confuse his judgment or to mislead him, of which the opposite party takes an undue advantage, is in equity a surprise and is a form of fraud for which relief is granted."

made the statements, the time and place of the statements, the content of the statements and manner in which they misled the plaintiff, and what benefit the defendant gained as a consequence of the fraud." <u>In re Theragenics Corp. Sec. Litig.</u>, 105 F. Supp. 2d 1342, 1347 (N.D. Ga. 2000) (<u>citing</u> <u>Brooks v. Blue Cross and Blue Shield of Fla., Inc.</u>, 116 F.3d 1364, 1371 (11th Cir. 1997)).

Plaintiffs' Complaint does not state precisely what statements were made or the contents of the statements.  Further, the complaint does not plead who specifically made the alleged misrepresentations or when the statements occurred. Overall, Plaintiffs' fraud claims are merely conclusory and do not provide sufficient facts to satisfy the heightened pleading requirements.  While, under Federal Rule of Civil Proc 9, the Court may give a plaintiff leave to amend their complaint, "[a] district court is not required to grant a plaintiff leave to amend his complaint *sua sponte* when the plaintiff, who is represented by counsel, never filed a motion to amend or requested leave to amend before the district court." <u>U.S. ex rel. Sanchez v. Lymphatx, Inc.</u>, 596 F.3d 1300, 1303 (11th Cir. 2010) (<u>citing</u> <u>Wagner v. Daewoo Heavy Indus. Am. Corp.</u>, 314 F.3d 541, 542 (11th Cir.2002)). In this case, Plaintiffs are represented by counsel and have not timely filed a motion to amend or provided with the Court with a proposed amended

complaint.  Plaintiffs have produced no evidence that sufficient facts exist to support their fraud claims.

B.     Georgia RICO

Count VI of Plaintiffs' complaint alleges that Defendant violated the Georgia Racketeer Influences and Corrupt Organizations Act ("RICO").[2] Georgia RICO makes it "unlawful for any person, through a pattern of racketeering activity or proceeds derived therefrom, to acquire or maintain, directly or indirectly, any interest in or control of any enterprise, real property, or personal property of any nature, including money."  O.C.G.A. § 16-14-4 (a).  A "'pattern of racketeering activity' means [e]ngaging in at least two acts of racketeering activity in furtherance of one or more incidents, schemes, or transactions that have the same or similar intents, results, accomplices, victims, or methods of commission or otherwise are interrelated by distinguishing characteristics and are not isolated incidents . . . ."  O.C.G.A. § 16-14-3(8)(A).

Plaintiffs have plead no facts that Defendant engaged in any criminal misconduct that is actionable under Georgia RICO.  Further, Plaintiffs only claim

---

[2]  Plaintiffs' untimely response cites federal law in support of their RICO claim, however Plaintiffs refer to Count VI as "Georgia RICO" in both their complaint and response.  (Complaint, Dkt. No. [1-2] at ¶ 36; "Pl's Response", Dkt. No. [4] at p. 7).  Thus, the Court will review the sufficiency of Plaintiffs' claim under Georgia RICO law.

that Defendant was involved in one isolated incident that would give rise to civil remedies. There are no facts plead by Plaintiffs that Defendant engaged in a pattern of criminal activity, as required under Georgia RICO. Consequently, Plaintiffs' Georgia RICO claim is not plausible and Plaintiffs are unable to succeed on the merits. Thus, dismissal is warranted for failure to state a claim upon which relief can be granted.

C.      Breach of Statutory Duty

Plaintiffs' claim under Count VIII of their complaint is for breach of statutory duty; however, Plaintiffs' Complaint points to no statute that was purportedly breached. Based on the facts plead in this Count, it appears that this could best be construed as a claim for wrongful foreclosure under O.C.G.A. § 23-2-114. As Plaintiffs have already plead wrongful foreclosure in Count V of their complaint and cannot recover twice for the same claim, Count VIII for breach of statutory duty is dismissed as duplicative. See Mukamal v. Bakes, 378 Fed. App'x 890, 899 (11th Cir. 2010) ("Defendants cannot be liable twice for the same claim.")

D.      Breach of Fiduciary Duty

Count IX of Plaintiffs' complaint alleges a breach of fiduciary duty. However, it is well settled under Georgia law that "[t]here is no confidential

AO 72A
(Rev.8/82)

relationship between a bank and its customers merely because the customer had advised with, relied upon, and trusted the bankers in the past." <u>Pardue v. Bankers First Fed. Sav. & Loan Ass'n.</u>, 175 Ga. App. 814, 815 (Ga. Ct. App. 1985) (<u>citing First Am. Bank v. Bishop</u>, 239 Ga. 809 (Ga. Ct. App. 1977)). Moreover, there is "particularly no confidential relationship between lender and borrower or mortgagee and mortgagor for they are creditor and debtor with clearly opposite interests." <u>Pardue</u>, 175 Ga. App. at 815.

As such, Defendant as a lender owed Plaintiffs no fiduciary duty and Plaintiffs have not plead facts to show that a confidential relationship would otherwise exist. Thus, Plaintiffs breach of fiduciary duty claim is not plausible and Plaintiffs are unable able to succeed on the merits.

Conclusion

For the foregoing reasons, Defendant's Partial Motion to Dismiss Plaintiffs' Complaint [3] is GRANTED.

SO ORDERED, this  21st  day of March, 2011.

RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

9