**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| **KIM ALBERT and** ) | |
| **MUJAHID MUKARAM,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | **CIVIL ACTION** |
| **v.** ) | |
| ) | **FILE NO. 1:10-CV-03238-RWS** |
| **CITIMORTGAGE, INC.,** ) | |
| ) | |
| **Defendant.** ) | |

**CITIMORTGAGE'S MEMORANDUM IN SUPPORT
OF MOTION FOR SUMMARY JUDGMENT**

COMES NOW Defendant CitiMortgage, Inc. ("CitiMortgage"), and pursuant to Fed. R. Civ. P. 56 and Local Rule 56.1, hereby submits this Memorandum in Support of its Motion for Summary Judgment in the above-styled action, respectfully showing the Court as follows:

## I. INTRODUCTION

CitiMortgage is entitled to judgment as a matter of law on Plaintiffs' Kim Albert ("Albert") and Mujahid Mukaram ("Mukaram") (Albert and Mukaram are sometimes collectively referred to herein as "Plaintiffs") claims for breach of contract (Count I), promissory estoppel (Count IV), wrongful foreclosure (Count V), tortious interference

(Count X), conversion (Count XI) and wrongful eviction (Count XII)[1] because there are no genuine issues of material fact to be determined and CitiMortgage is entitled to judgment as a matter of law.  Specifically, Plaintiffs have admitted all of CitiMortgage's Requests for Admissions, which include all of the material facts necessary to entitle CitiMortgage to summary judgment on all of Plaintiffs' remaining claims.

## II. STATEMENT OF UNDISPUTED MATERIAL FACTS

All of Plaintiffs' claims in this action arise out of CitiMortgage's September 1, 2009 foreclosure (the "Foreclosure") of Albert's mortgage loan that was secured by the real property located at 3020 Sable Run, College Park, Fulton County, Georgia 30349 (the "Property").  (See generally Complaint).  Plaintiffs assert twelve counts against CitiMortgage in their Complaint: breach of contract (Count I), fraudulent misrepresentation (Count II), promissory fraud/fraud in the inducement (Count III), promissory estoppel (Count IV), wrongful foreclosure (Count V), RICO (Count VI), surprise (Count VII), breach of statutory duty (Count VIII), breach of fiduciary duty (Count IX), tortious interference (Count X), conversion (Count XI), and wrongful eviction (Count XII).  (See generally Complaint).  On October 8, 2010, CitiMortgage

---

[1] Plaintiffs' claims for fraudulent misrepresentation (Count II), promissory fraud/fraud in the inducement (Count III), RICO (Count VI), surprise (Count VII), breach of statutory duty (Count VIII), and breach of fiduciary duty (Count IX) are not addressed in this Motion, because those claims were dismissed by this Court's Order granting CitiMortgage's Partial Motion to Dismiss, entered March 21, 2011 (Doc. # 10).

filed a Motion to Dismiss with respect to Plaintiffs' claims for fraudulent misrepresentation (Count II), promissory fraud/fraud in the inducement (Count III), RICO (Count VI), surprise (Count VII), breach of statutory duty (Count VIII) and breach of fiduciary duty (Count IX).  (Doc. # 3).  On March 21, 2011, this Court entered an Order granting CitiMortgage's Motion to Dismiss and dismissing Plaintiffs' claims for fraudulent misrepresentation (Count II), promissory fraud/fraud in the inducement (Count III), RICO (Count VI), surprise (Count VII), breach of statutory duty (Count VIII), and breach of fiduciary duty (Count IX).  (See Order, Doc. # 10).

On November 8, 2010, CitiMortgage served its First Interrogatories, First Request for Production of Documents and First Request for Admissions upon Plaintiffs.  (See Affidavit of Ashby L. Kent, ¶¶ 3-4 and Exs. "A"-"C" thereto).  Plaintiffs have never served any objections or responses to CitiMortgage's First Interrogatories, First Request for Production of Documents or First Request for Admissions.  (Kent Aff., ¶ 5). Plaintiffs' counsel has never contacted CitiMortgage's counsel to discuss CitiMortgage's discovery requests, request an extension of time to respond to the discovery requests, or otherwise offer any explanation or justification for Plaintiffs' complete failure to respond to CitiMortgage's discovery requests.  (Kent Aff., ¶ 6).

338743 v1

As a result of Plaintiffs' complete failure to object or otherwise respond to CitiMortgage's Requests for Admissions, the following facts have been conclusively admitted and established as a matter of law:

1.     Albert was delinquent on the payments on Albert's mortgage loan with CitiMortgage at the time of the Foreclosure (i.e., there was an arrearage). (CitiMortgage's Request For Admission To Plaintiffs, No. 1).

2.     Albert's mortgage loan was in default at the time of the Foreclosure. (CitiMortgage's Request For Admission To Plaintiffs, No. 2).

3.     CitiMortgage never agreed, in writing or otherwise, to postpone the Foreclosure.  (CitiMortgage's Request For Admission To Plaintiffs, No. 3).

4.     CitiMortgage never agreed, in writing or otherwise, not to foreclose on the Property.  (CitiMortgage's Request For Admission To Plaintiffs, No. 4).

5.     CitiMortgage was entitled to foreclose on the Property under the terms of Plaintiff Albert's loan documents and applicable law.  (CitiMortgage's Request For Admission To Plaintiffs, No. 5).

6.     Plaintiffs cannot identify any contractual provision, law or regulation which CitiMortgage allegedly violated in connection with the Foreclosure or the alleged eviction. (CitiMortgage's Request For Admission To Plaintiffs, No. 6).

338743 v1

7.      Plaintiffs cannot identify any false representations or "misrepresentations" that CitiMortgage allegedly made to Plaintiffs at any time.  (CitiMortgage's Request For Admission To Plaintiffs, No. 7).

8.      Plaintiffs cannot identify any alleged criminal acts or other "predicate acts" as identified by the Georgia RICO Act that CitiMortgage allegedly committed at any time. (CitiMortgage's Request For Admission To Plaintiffs, No. 8).

9.      CitiMortgage did not owe Plaintiffs any fiduciary duty or obligation at any time. (CitiMortgage's Request For Admission To Plaintiffs, No. 9).

10.     CitiMortgage did not unlawfully exercise any ownership or other interest over Plaintiffs' personal property at any time.  (CitiMortgage's Request For Admission To Plaintiffs, No. 10).

11.     Plaintiffs have not sought or received any medical treatment for the alleged "mental anguish" that they contend they have suffered as a result of CitiMortgage's alleged conduct.  (CitiMortgage's Request For Admission To Plaintiffs, No. 11).

12.     Albert did not "consummate a sale" of the Property prior to the Foreclosure. (CitiMortgage's Request For Admission To Plaintiffs, No. 12).

13.     CitiMortgage's security deed on the Property was not cancelled or satisfied prior to the Foreclosure.  (CitiMortgage's Request For Admission To Plaintiffs, No. 13).

338743 v1

14.     Plaintiffs cannot identify any actual damages or losses that they have suffered as a result of CitiMortgage's alleged conduct.   (CitiMortgage's Request For Admission To Plaintiffs, No. 14).

15.     CitiMortgage did not act in bad faith, with malice, or with the specific intent to injure Plaintiffs at any time.   (CitiMortgage's Request For Admission To Plaintiffs, No. 15).

As demonstrated herein, because each of the foregoing facts are now admitted and undisputed, Plaintiffs are not entitled to recover on any of their remaining claims, and CitiMortgage is entitled to judgment as a matter of law.

## III. <u>STANDARD OF REVIEW</u>

Federal Rule of Civil Procedure 56(c) provides that summary judgment is appropriate if the evidence shows that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.  <u>Angel Flight of Georgia, Inc. v. Angel Flight Southeast, Inc.</u>, 424 F. Supp. 2d 1366, 1369 (N.D. Ga. 2006) (citing Fed. R. Civ. P. 56).  <u>See</u> <u>also</u> <u>Allstate Ins. Co. v. Ever Island Electric Co.</u>, Civ. Action No. 1:03-CV-3817-JEC, 2007 WL 2728979, at * 1 (N. D. Ga. Sept. 17, 2007) ("Summary judgment is appropriate when 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a

judgment as a matter of law").  "Where the record taken as a whole could not lead a

rationale trier of fact to find for the non-moving party, summary judgment for the moving

party is proper."  <u>Huddleston v. R.J. Reynolds Tobacco Co.</u>, 66 F. Supp. 2d 1370, 1374

(N.D. Ga. 1999) (internal citation omitted).

## IV. <u>ARGUMENT AND CITATION OF AUTHORITY</u>

### A.   <u>Plaintiffs have conclusively admitted all facts necessary to entitle CitiMortgage to summary judgment on all of Plaintiffs' claims.</u>

Plaintiffs failed to respond to CitiMortgage's properly propounded Requests for

Admissions, and they have therefore admitted all of the facts essential to judgment

against them on all remaining claims in this action.  Rule 36 of the Federal Rules of

Procedure governs requests for admissions and the consequences of failing to respond.

Fed. R. Civ. P. 36(a)(3), entitled "Time to Respond; Effect of Not Responding," provides

in pertinent part that "[a] matter is admitted unless, within 30 days after being served, the

party to whom the request is directed serves on the requesting party a written answer or

objection addressed to the matter and signed the party or its attorney."  Fed. R. Civ. P.

36(b), which governs the effects of such admissions, provides in pertinent part that "[a]

matter admitted under this rule is conclusively established unless the court, on motion,

permits the admission to be withdrawn or amended."

The Eleventh Circuit Court of Appeals and this Court have held that "[t]he purpose

of Rule 36 is to limit the factual issues in a case, and thereby reduce trial effort and

promote efficient litigation." <u>Interland, Inc. v. Bunting</u>, Civ. Action No. 1:04-CV-444-ODE, 2005 U.S. Dist. LEXIS 36112, at * 8 (N.D. Ga. 2005) (citing <u>Perez v. Miami-Dade County</u>, 297 F.3d 1255, 1264 (11th Cir. 2002)).  District Courts in Georgia have granted summary judgment on the basis of unanswered requests for admissions.  <u>See</u>, <u>e.g.</u>, <u>In Re Izaguirre</u>, 166 B.R. 484, 488-89 (Bankr. N.D. Ga. 1984) (granting summary judgment due to unanswered request for admissions and commenting that the "unanswered Requests for Admission constitute 'admissions on file' for the purposes of Fed.R.Civ.P. 56(c)").  Similarly, the Eleventh Circuit Court of Appeals has affirmed orders granting summary judgment on the basis of unanswered requests for admissions.  For example, in <u>U.S. v. 2204 Barbara Lane</u>, 960 F.2d 126 (11th Cir. 1992), the Eleventh Circuit found that a Rule 36 admission is "comparable to an admission in pleadings or a stipulation drafted by counsel for use at trial, rather than an evidentiary admission of a party.  Unless the party securing an admission can depend on its binding effect, he cannot safely avoid the expense of preparing to prove the very matters on which he has secured the admission, and the very purpose of the rule is defeated." <u>Barbara Lane</u>, 960 F.2d at 129-30.  The Court in <u>Barbara Lane</u> held that a party's failure to respond to request for admissions conclusively established that his opponent was entitled to judgment as a matter of law, thus keeping with the clear language of the Rule.

In the case at bar, as a result of Plaintiffs' complete failure to object or otherwise respond to CitiMortgage's Requests for Admissions, Plaintiffs have conclusively admitted the following facts as a matter of law:

1.     Albert was delinquent on the payments on Albert's mortgage loan with CitiMortgage at the time of the Foreclosure (i.e., there was an arrearage). (CitiMortgage's Request For Admission To Plaintiffs, No. 1).

2.     Albert's mortgage loan was in default at the time of the Foreclosure. (CitiMortgage's Request For Admission To Plaintiffs, No. 2).

3.     CitiMortgage never agreed, in writing or otherwise, to postpone the Foreclosure.  (CitiMortgage's Request For Admission To Plaintiffs, No. 3).

4.     CitiMortgage never agreed, in writing or otherwise, not to foreclose on the Property.  (CitiMortgage's Request For Admission To Plaintiffs, No. 4).

5.     CitiMortgage was entitled to foreclose on the Property under the terms of Plaintiff Albert's loan documents and applicable law.  (CitiMortgage's Request For Admission To Plaintiffs, No. 5).

6.     Plaintiffs cannot identify any contractual provision, law or regulation which CitiMortgage allegedly violated in connection with the Foreclosure or the alleged Eviction.  (CitiMortgage's Request For Admission To Plaintiffs, No. 6).

338743 v1

7.      Plaintiffs cannot identify any false representations or "misrepresentations" that CitiMortgage allegedly made to Plaintiffs at any time.  (CitiMortgage's Request For Admission To Plaintiffs, No. 7).

8.      Plaintiffs cannot identify any alleged criminal acts or other "predicate acts" as identified by the Georgia RICO Act that CitiMortgage allegedly committed at any time. (CitiMortgage's Request For Admission To Plaintiffs, No. 8).

9.      CitiMortgage did not owe Plaintiffs any fiduciary duty or obligation at any time. (CitiMortgage's Request For Admission To Plaintiffs, No. 9).

10.      CitiMortgage did not unlawfully exercise any ownership or other interest over Plaintiffs' personal property at any time.  (CitiMortgage's Request For Admission To Plaintiffs, No. 10).

11.      Plaintiffs have not sought or received any medical treatment for the alleged "mental anguish" that they contend they have suffered as a result of CitiMortgage's alleged conduct.  (CitiMortgage's Request For Admission To Plaintiffs, No. 11).

12.      Albert did not "consummate a sale" of the Property prior to the Foreclosure. (CitiMortgage's Request For Admission To Plaintiffs, No. 12).

13.      CitiMortgage's security deed on the Property was not cancelled or satisfied prior to the Foreclosure.  (CitiMortgage's Request For Admission To Plaintiffs, No. 13).

14.   Plaintiffs cannot identify any actual damages or losses that they have suffered as a result of CitiMortgage's alleged conduct.   (CitiMortgage's Request For Admission To Plaintiffs, No. 14).

15.   CitiMortgage did not act in bad faith, with malice, or with the specific intent to injure Plaintiffs at any time.   (CitiMortgage's Request For Admission To Plaintiffs, No. 15).

### B.   <u>CitiMortgage is entitled to summary judgment on Plaintiffs' claim for breach of contract (Count I).</u>

In support of the breach of contract claim, Albert contends that on or about April 1, 2009, he "entered into a contract with [CitiMortgage]" and that "[t]he contract postponed the foreclosure of the [Property]."  (Complaint, ¶¶ 4-5).  Albert does not specify whether the alleged contract was oral or in writing, does not identify the person(s) who allegedly agreed to and/or signed the "contract" on behalf of CitiMortgage, does not identify any of the terms of the alleged "contract" (<u>i.e.</u>, how long CitiMortgage allegedly agreed to postpone the foreclosure and under what circumstances the foreclosure would be postponed), and does not attach a copy of the alleged "contract" to the Complaint.  (<u>See</u> <u>generally</u> Complaint).  Albert further contends that "[s]oon after the Plaintiff Albert and [CitiMortgage] entered into said contract, [CitiMortgage] proceeded with the foreclosure on the [Property]" and  that CitiMortgage "breached its contract with [Albert] by failing to postpone foreclosure." (Complaint, ¶¶ 7, 11).  There is no allegation that Mukaram

- 11 -

entered into any contracts with CitiMortgage, or that Mukaram had any contractual or other relationship with CitiMortgage at any time.  (<u>See</u> <u>generally</u> Complaint).

The undisputed facts demonstrate that Plaintiffs cannot establish the essential elements of a breach of contract claim.   To prevail on a breach of contract claim, Plaintiffs must establish the existence of a contract, a breach of that contract by CitiMortgage, and resulting damages to Plaintiffs.  <u>See</u> <u>Kuritzsky v. Emory University</u>, 294 Ga. App. 370, 371, 669 S.E.2d 179, 181 (2008).  First, Plaintiffs cannot establish the existence of any contract with CitiMortgage wherein CitiMortgage purportedly agreed not to foreclose on the Property or to postpone the Foreclosure.  Rather, Plaintiffs admit that CitiMortgage never promised or agreed, in writing or otherwise, not to foreclose on the Property or to postpone the foreclosure of the Property.  (CitiMortgage's Request For Admission To Plaintiffs, Nos. 3, 4).  Plaintiffs cannot identify any contract or provision thereof that CitiMortgage allegedly violated in connection with the Foreclosure or the alleged eviction.  (<u>See</u> CitiMortgage's Request For Admission To Plaintiffs, No. 6).  Plaintiffs admit that Albert was delinquent on the payments and was in default on the subject mortgage loan with CitiMortgage at the time of the Foreclosure, and admit that CitiMortgage was entitled to foreclose on the Property under the terms of Plaintiff Albert's loan documents and applicable law.  (CitiMortgage's Request For Admission To Plaintiffs, Nos. 1, 2, 5).

338743 v1

Because the undisputed facts show that CitiMortgage was authorized to foreclose on the Property, that Albert was in default at the time of the Foreclosure, and that no contract existed wherein CitiMortgage agreed to cancel or postpone the Foreclosure, it follows that CitiMortgage did not have, and thus could not have breached, any alleged contractual obligations to Plaintiffs in connection with the Foreclosure.  In addition, Plaintiffs cannot identify any actual damages or losses that they have suffered as a result of CitiMortgage's alleged "breach of contract."  (See CitiMortgage's Request For Admission To Plaintiffs, No. 14).  In sum, because Plaintiffs cannot establish the existence of a contract, a breach of that contract and/or resulting damages, Plaintiffs cannot establish the essential elements necessary to state a claim for breach of contract under Georgia law, and CitiMortgage is entitled to summary judgment.

**C.   CitiMortgage is entitled to summary judgment on Plaintiffs' claims promissory estoppel (Count IV).**

The undisputed facts likewise demonstrate that Plaintiffs cannot recover on a claim for promissory estoppel.  In Georgia, the essential elements of a promissory estoppel claim are: (1) the defendant made a promise; (2) the defendant should have reasonably expected the plaintiffs to rely on such promise; (3) the plaintiffs relied on such promise to their detriment; and (4) an injustice can only be avoided by the enforcement of the promise, because as a result of the reliance, plaintiffs changed their position to their detriment by surrendering, forgoing, or rendering a valuable right.  McReynolds v. The

<u>Prudential Ins. Co. of America</u>, 276 Ga. App. 747, 749, 624 S.E.2d 218, 221 (2005) (citation omitted).

Plaintiffs' promissory estoppel claim is based on CitiMortgage's alleged "promise" not to foreclose on the Property.  (<u>See</u> <u>generally</u> Complaint).  However, as discussed above, Plaintiffs have admitted that CitiMortgage never promised or agreed, in writing or otherwise, not to foreclose on the Property, or to postpone the foreclosure of the Property. (CitiMortgage's Request For Admission To Plaintiffs, Nos. 3, 4).  Plaintiffs also cannot identify any false representations or "misrepresentations" that CitiMortgage allegedly made to Plaintiffs at any time.  (CitiMortgage's Request For Admission To Plaintiffs, No. 7).  The undisputed facts show that CitiMortgage never made any "promise" to Plaintiffs not to foreclose on the Property, and that Plaintiffs did not, and could not have, relied on any such "promise" to their detriment.  Accordingly, CitiMortgage is entitled to summary judgment on Plaintiffs' claim for promissory estoppel.

### D. <u>CitiMortgage is entitled to summary judgment on Plaintiffs' claims for wrongful foreclosure (Count V).</u>

"Georgia law requires a plaintiff asserting a claim of wrongful foreclosure to establish a legal duty owed to it by the foreclosing party, a breach of that duty, a causal connection between the breach of the duty and the injury it sustained, and damages." <u>DeGolyer v. Green Tree Servicing, LLC</u>, 291 Ga. App. 444, 448, 662 S.E.2d 141, 147 (2008).  First, the undisputed facts demonstrate that CitiMortgage had no duty to

Plaintiffs to postpone or cancel the Foreclosure.  Plaintiffs admit that CitiMortgage never promised or agreed, in writing or otherwise, not to foreclose on the Property, or to postpone the foreclosure of the Property.  (CitiMortgage's Request For Admission To Plaintiffs, Nos. 3, 4).  Plaintiffs also admit that Albert was delinquent on the payments and was in default on the subject mortgage loan with CitiMortgage at the time of the Foreclosure, and that CitiMortgage was entitled to foreclose on the Property under the terms of Plaintiff Albert's loan documents and applicable law.  (CitiMortgage's Request For Admission To Plaintiffs, Nos. 1, 2, 5).  Plaintiffs cannot identify any contractual provision, law or regulation which CitiMortgage allegedly violated in connection with the Foreclosure.  (CitiMortgage's Request For Admission To Plaintiffs, No. 6).  Finally, Plaintiffs cannot identify any actual damages or losses that they have suffered as a result of the Foreclosure.  (See CitiMortgage's Request For Admission To Plaintiffs, No. 14).

Because the undisputed facts demonstrate that the Foreclosure was not wrongful in any respect, and that Plaintiffs cannot establish the essential elements of a duty, a breach of duty or damages required to recover on a claim for wrongful foreclosure, CitiMortgage is entitled to summary judgment.

**E.**   **CitiMortgage is entitled to summary judgment on Plaintiffs' claims for tortious interference (Count X).**

To establish a cause of action for tortious interference with a contract, Plaintiffs must show "that the defendant (1) acted improperly and without privilege, (2) purposely

and with malice with the intent to injure, (3) induced a third party or parties not to enter into or continue a business relationship with the plaintiff, and (4) for which the plaintiff suffered some financial injury." <u>Williams v. St. Paul Companies</u>, 228 Ga. App. 656, 657, 492 S.E.2d 560, 561 (1997) (quoting <u>Perry & Co. v. New South Ins. Brokers of Georgia, Inc.</u>, 182 Ga. App. 84, 89, 354 S.E.2d 852 (1987)) (quotations omitted).

In support of their tortious interference claim, Plaintiffs allege that "Albert entered into the sale of the [Property] and Plaintiff Albert did in fact consummate the sale of the [Property,]" and that CitiMortgage "foreclosed on the [Property] after it was sold and the security deed was satisfied." (Complaint, ¶¶ 53-54). However, the undisputed facts show that, contrary to Plaintiffs' allegations, Albert did <u>not</u> "consummate a sale" of the Property prior to the Foreclosure, and thus CitiMortgage could not have "tortiously interfered" with any alleged sale or contract. (<u>See</u> CitiMortgage's Request For Admission To Plaintiffs, No. 12). Plaintiffs further admit that CitiMortgage's security deed on the Property was <u>not</u> cancelled or satisfied prior to the Foreclosure, and admit that CitiMortgage was entitled to foreclose on the Property pursuant to Albert's loan documents and applicable law. (<u>See</u> CitiMortgage's Request For Admission To Plaintiffs, Nos. 5, 13). Plaintiffs cannot establish the "bad faith" element required for a tortious interference claim because it is undisputed that CitiMortgage did not act in bad faith, with malice, or with the specific intent to injure Plaintiffs at any time.

338743 v1

(CitiMortgage's Request For Admission To Plaintiffs, No. 15).   Additionally, Plaintiffs cannot establish the essential element of a financial injury, because Plaintiffs admittedly cannot identify any actual damages or losses that they have suffered as a result of the Foreclosure and/or CitiMortgage's alleged conduct in connection therewith.   (See CitiMortgage's Request For Admission To Plaintiffs, No. 14).   Accordingly, Plaintiffs' claim for "tortious interference" fails and CitiMortgage is entitled to summary judgment.

### F.   CitiMortgage is entitled to summary judgment on Plaintiffs' claims for conversion (Count XI).

Plaintiffs do not allege any facts in support of their claim for conversion, but rather allege only that CitiMortgage "exercised use and control of personal property belonging to Plaintiffs." (Complaint, ¶ 57).  CitiMortgage is entitled to summary judgment on this claim because "[i]n order to establish a claim for conversion, the complaining party must show (1) title to the property or the right of possession, (2) actual possession in the other party, (3) demand for return of the property, and (4) refusal by the other party to return the property." Trey Inman & Associates, P.C. v. Bank of America, NA, 306 Ga. App. 451, 457, 702 S.E.2d 711 (2010) (quoting Internal Medicine Alliance v. Budell, 290 Ga. App. 231, 239, 659 S.E.2d 668 (2008)).  Plaintiffs' conversion claim fails because, as Plaintiffs admit, CitiMortgage did not unlawfully exercise any ownership or other interest over Plaintiffs' personal property at any time.  (CitiMortgage's Request For Admission To Plaintiffs, No. 10).   Further, it is undisputed that CitiMortgage was authorized to

foreclose on the Property, and Plaintiffs cannot identify any actual damages or losses that they have suffered as a result of the Foreclosure.  (See CitiMortgage's Request For Admission To Plaintiffs, Nos. 5, 14).  Accordingly, Plaintiffs cannot state a claim for conversion and CitiMortgage is entitled to summary judgment.

## G. CitiMortgage is entitled to summary judgment on Plaintiffs' claims for wrongful eviction (Count XII).

The wrongful eviction claim is asserted by Mukaram and essentially is another claim for conversion.  In support of this claim, Albert and Mukaram contend that they entered into a one-year lease agreement on or about July 6, 2009, wherein Mukaram presumably was to be Albert's tenant on the Property.  (Complaint, ¶ 60).  Mukaram contends that on or about September 15, 2009, CitiMortgage unlawfully entered the Property, changed the locks and "removed from, and appropriated Plaintiff Mukaram's personal property."  (Complaint, ¶¶ 61-63).  Mukaram contends that "[t]he removal and appropriation of Plaintiff Mukaram's personal property was without legal right and constituted a conversion of Plaintiff Mukaram's property."  (Complaint, ¶ 63).  Although Mukaram does not identify the property that allegedly was converted, Mukaram contends that "[t]he reasonable value of Plaintiff Mukaram's property so converted by [CitiMortgage] is in excess of $100,000.00 and Plaintiff is entitled to damages from [CitiMortgage] in that amount."  (Id.).

- 18 -

CitiMortgage is entitled to summary judgment on the claim for wrongful eviction for the same reasons that CitiMortgage is entitled to summary judgment on the conversion claim. It is undisputed that CitiMortgage did not unlawfully exercise any ownership or other interest over Plaintiffs' personal property at any time. (CitiMortgage's Request For Admission To Plaintiffs, No. 10).  It is likewise undisputed that CitiMortgage was authorized to foreclose on the Property, and Plaintiffs cannot identify any actual damages or losses that they have suffered as a result of the Foreclosure and/or the alleged eviction.  (See CitiMortgage's Request For Admission To Plaintiffs, Nos. 5, 14).  Plaintiffs cannot identify any contractual provision, law or regulation which CitiMortgage allegedly violated in connection with the Foreclosure or the alleged eviction, which would render the Foreclosure and/or alleged eviction "wrongful" in any respect.  (CitiMortgage's Request For Admission To Plaintiffs, No. 6).  Accordingly, CitiMortgage is entitled to summary judgment on the wrongful eviction claim.

### H. CitiMortgage is entitled to summary judgment on Plaintiffs' claims for punitive damages and attorney's fees.

CitiMortgage is entitled to summary judgment on Plaintiffs' derivative claims for punitive damages, attorney's fees and costs of litigation because, as demonstrated above, CitiMortgage is entitled to summary judgment on all of Plaintiffs' substantive claims and, in the absence of any finding of liability and actual damages, an award of punitive damages and attorney's fees is improper as a matter of law.  See D.G. Jenkins Homes,

- 19 -

<u>Inc. v. Wood</u>, 261 Ga. App. 322, 325, 582 S.E.2d 478, 482 (2003); <u>Daiss v. Woodbury</u>, 163 Ga. App. 88, 88, 293 S.E.2d 876, 876 (1982).  Plaintiffs admittedly cannot identify any actual damages or losses that they have suffered as a result of CitiMortgage's alleged conduct, and Plaintiffs admit that CitiMortgage did not act in bad faith, with malice, or with the specific intent to injure Plaintiffs at any time.  (CitiMortgage's Request For Admission To Plaintiffs, Nos. 14, 15).  Because CitiMortgage has not acted in bad faith and because Plaintiffs have not sustained, and are not entitled to recover, any compensatory damages from CitiMortgage in this action, CitiMortgage is entitled to summary judgment on Plaintiffs' derivative claims for punitive damages, litigation expenses and attorney's fees.

## V. <u>CONCLUSION</u>

WHEREFORE, for the reasons set forth herein, CitiMortgage respectfully requests that the Court GRANT the instant motion and enter summary judgment in favor of CitiMortgage on Plaintiffs' remaining claims for claims for breach of contract (Count I), promissory estoppel (Count IV), wrongful foreclosure (Count V), tortious interference (Count X), conversion (Count XI) and wrongful eviction (Count XII).

Respectfully submitted this 6th day of April, 2011.

s/Ashby L. Kent
John O'Shea Sullivan
Georgia Bar No. 691305

338743 v1

Ashby L. Kent
Georgia Bar No. 415105
Attorneys for Defendant CitiMortgage, Inc.

BURR & FORMAN LLP
171 Seventeenth Street, N.W.
Suite 1100
Atlanta, Georgia 30363
(404) 815-3000

338743 v1

## CERTIFICATION OF COUNSEL

I hereby certify that this **CITIMORTGAGE'S MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT** has been prepared with Times New Roman, 14 point font, one of the font and point selections approved by the Court in LR 5.1B.

s/Ashby L. Kent
Ashby L. Kent
Georgia Bar No. 415105
akent@burr.com

338743 v1

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of April, 2011, I electronically filed the foregoing **CITIMORTGAGE'S MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT** using the CM/ECF system, which will automatically send notice to the following attorney of record:

> Grady A. Roberts, Esq.
> Roberts Law, LLC
> 191 Peachtree Street, N.E., Suite 3300
> Atlanta, Georgia  30303

> s/Ashby L. Kent
> Ashby L. Kent
> Georgia Bar No. 415105

BURR & FORMAN LLP
171 Seventeenth Street, N.W.
Suite 1100
Atlanta, GA  30363
(404) 815-3000