**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| KIM ALBERT and MUJAHID MUKARAM, | : <br> : <br> : |
| Plaintiffs, | : <br> : |
| v. | : CIVIL ACTION NO. <br> : 1:10-CV-03238-RWS <br> : |
| CITIMORTGAGE, INC., | : <br> : |
| Defendant. | : <br> : <br> : <br> : |

## **ORDER**

This case comes before the Court on Defendant Citimortgage's Motion for Summary Judgment [11]. After a review of the record, the Court enters the following Order.

### **Preliminary Matters**

As an initial matter, Defendant CitiMortgage's Statement of Undisputed Material Facts [11-2] is deemed admitted because Plaintiffs have failed to file a proper response thereto. LR 56.1(B)(2)(a)(2), NDGa ("This Court will deem each of the movant's facts as admitted unless the respondent: (i) directly refutes the movant's fact with concise responses supported by specific citations to

evidence (including page or paragraph number); (ii) states a valid objection to the admissibility of the movant's fact; or (iii) points out that the movant's citation does not support the movant's fact or that the movant's fact is not material or otherwise has failed to comply with the provisions set out in LR 56.1 B.(1)."). Additionally, because Plaintiffs failed to file a proper response to Citimortgage's First Request for Admissions, all matters within that request are deemed admitted. FED. R. CIV. P. 36(a)(3). Therefore, Plaintiffs, who are represented by counsel, have twice failed to dispute the facts alleged by CitiMortgage, which are now deemed admitted and relied upon by the Court.

## Background

Plaintiffs Kim Albert and Mujahid Mukaram (collectively, "Plaintiffs") filed this suit against CitiMortgage, Inc. ("CitiMortgage" or "Defendant") asserting claims following the foreclosure (the "Foreclosure") of their home located at 3020 Sable Run, College Park, Fulton County, Georgia (the "Property"). Dkt. No. [1-2] at ¶ 3. Plaintiffs' Complaint states twelve counts: breach of contract (Count I), fraudulent misrepresentation (Count II), promissory fraud/fraud in the inducement (Count III), promissory estoppel (Count IV), wrongful foreclosure (Count V), RICO (Count VI), surprise (Count

VII), breach of statutory duty (Count VIII), breach of fiduciary duty (Count IX), tortious interference (Count X), conversion (Count XI), and wrongful eviction (Count XII).

On October 8, 2010, Defendant brought a Partial Motion to Dismiss Plaintiffs' claims for fraudulent misrepresentation (Count II), promissory fraud/fraud in the inducement (Count III), RICO (Count VI), surprise (Count VII), breach of statutory duty (Count VIII), and breach of fiduciary duty (Count IX). Dkt. No. [3]. The Court granted the Defendant's motion (Dkt. No. [10]), leaving the following claims before the Court: breach of contract (Count I), promissory estoppel (Count IV), wrongful foreclosure (Count V), tortious interference (Count X), conversion (Count XI), and wrongful eviction (Count XII).

On November 8, 2010, the Defendant served its First Interrogatories, First Request for Production of Documents, and First Request for Admission upon Plaintiffs, and Plaintiffs never responded. Dkt. No. [11-2] at ¶¶ 5-7. On April 6, 2011, Defendant filed a Motion for Summary Judgment on the remaining claims, relying on the admissions. Dkt. No. [11-1]. Plaintiffs have filed no response.

Under Local Rule 7.1(B), any summary judgment responsive motion is due twenty-one days after service. Further, under Federal Rules of Civil Procedure 6(d) – or the "mailbox rule" – Plaintiffs receive an additional three days to respond when electronic service is made. Therefore, Plaintiffs' response was due twenty-four days after April 6, 2011, or April 30, 2011. But, because April 30, 2011 was a Saturday, Plaintiffs' response was due Monday, May 2, 2011. FED. R. CIV. P. 6(a)(3)(A). Having still not filed a response, well after the required response date, Plaintiffs have failed to timely respond to Defendant's summary judgment motion. Thus, under Local Rule 7.1(B), the Defendant's motion is deemed unopposed.

However, an unopposed motion does not mean that the moving party automatically prevails; rather, the Court is still required to consider the merits of the motion. See Dunlap v. Transamerica Occidental Life Ins. Co., 858 F.2d 629, 632 (11th Cir. 1988) (in an unopposed motion for summary judgment, the district court must "indicate that the merits of the motion were addressed"); Simpson v. Countrywide Home Loans, 2010 WL 3190693, at *3 (N.D. Ga. Apr. 26, 2010) (holding that "unopposed" under Northern District of Georgia Local Rule 7.1(B) does not mean the non-responsive party "abandoned" its claims in

4

the motion to dismiss context). Therefore, the Court will consider the merits of Defendant's Motion for Summary Judgment.

## Discussion

I. Legal Standard

Federal Rule of Civil Procedure 56 requires that summary judgment be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "The moving party bears 'the initial responsibility of informing the . . . court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'" Hickson Corp. v. N. Crossarm Co., 357 F.3d 1256, 1259 (11th Cir. 2004) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (internal quotations omitted)). Where the moving party makes such a showing, the burden shifts to the non-movant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact does exist. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986).

The applicable substantive law identifies which facts are material. Id. at 248. A fact is not material if a dispute over that fact will not affect the outcome of the suit under the governing law. Id. An issue is genuine when the evidence is such that a reasonable jury could return a verdict for the non-moving party. Id. at 249-50.

In resolving a motion for summary judgment, the court must view all evidence and draw all reasonable inferences in the light most favorable to the non-moving party. Patton v. Triad Guar. Ins. Corp., 277 F.3d 1294, 1296 (11th Cir. 2002). But, the court is bound only to draw those inferences which are reasonable. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997) (quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Anderson, 477 U.S. at 249-50 (internal citations omitted); see also Matsushita, 475 U.S. at 586 (once the moving party has met its burden under Rule 56(c), the nonmoving party "must do more than simply show there is some metaphysical doubt as to the material facts").

II. Analysis of Plaintiffs' Claims

### A. Breach of Contract

Count I of Plaintiffs' Complaint alleges breach of contract by the Defendant. Plaintiffs claim that Albert entered into a contract with the Defendant on April 1, 2009 to postpone foreclosure on the Property and that Defendant breached that contract by proceeding with the foreclosure. Dkt. No. [1-2] at ¶¶ 4-5, 7. Under Georgia law, the essential elements of a breach of contract claim are: (1) a valid contract; (2) material breach, and (3) damages therefrom. TDS Healthcare Sys. Corp. v. Humana Hosp. Ill., Inc., 880 F. Supp. 1572, 1583 (N.D. Ga. 1995).

Plaintiffs have admitted that CitiMortgage never agreed, in writing or otherwise, to postpone the foreclosure. Dkt. No. [11-2] at ¶ 10. Therefore, there was no valid contract. As well, the Court notes that Plaintiffs do not allege CitiMortgage breached the mortgage agreement, only that it breached the non-existent contract to postpone foreclosure. As Plaintiffs have admitted that no such contract existed, there is no genuine issue of material fact. CitiMortgage's Motion for Summary Judgment as to Plaintiffs' breach of contract claim is **GRANTED.**

AO 72A
(Rev.8/82)

### B. Promissory Estoppel

In Count IV, Plaintiffs allege that they detrimentally relied on CitiMortgage's promise to postpone foreclosure on the Property and are entitled to damages under the doctrine of promissory estoppel. Dkt. No. [1-2] at ¶¶ 27-29. A successful claim of promissory estoppel requires Plaintiff to establish:

> (1) the defendant made a promise or promises; (2) the defendant should have reasonably expected the plaintiffs to rely on such promise; (3) the plaintiffs relied on such promise to their detriment; and (4) an injustice can only be avoided by the enforcement of the promise, because as a result of the reliance, plaintiffs changed their position to their detriment by surrendering, forgoing, or rendering a valuable right.

Sierra Craft, Inc. v. T.D. Farrell Constr., Inc., 638 S.E.2d 815, 820 (Ga. Ct. App. 2007) (quoting Rental Equip. Grp. Inc v. MACI, LLC, 587 S.E.2d 364, 367 (Ga. Ct. App. 2003)). Because Plaintiffs have admitted that CitiMortgage never promised or agreed, in writing or otherwise, to postpone the foreclosure, CitiMortgage never made a promise to Plaintiffs. Dkt. No. [11-2] at ¶ 10. Without a promise, Plaintiffs could not have detrimentally relied and CitiMortgage could not have reasonably expected them to do so. This leaves no genuine issue of material fact for Plaintiffs' claim for promissory estoppel.

AO 72A
(Rev.8/82)

CitiMortgage's Motion for Summary Judgment as to Plaintiffs' claim for promissory estoppel is **GRANTED.**

### C. Wrongful Foreclosure

In Count V, Plaintiffs allege CitiMortgage wrongfully foreclosed on the Property by failing to comply with the mandatory procedural requirements of a non-judicial foreclosure. Dkt. No. [1-2] at ¶¶ 31-32. To assert a claim of wrongful foreclosure, Georgia law requires the plaintiff "to establish a legal duty owed to it by the foreclosing party, a breach of that duty, a causal connection between the breach of that duty and the injury it sustained, and damages." Heritage Creek Dev. Corp. v. Colonial Bank, 601 S.E.2d 842, 844 (Ga. Ct. App. 2004). Plaintiffs have failed to establish these elements and, in light of Plaintiffs' admission that Plaintiff Albert was in default at the time of the Foreclosure (Dkt. No. [11-2] at ¶ 9), there is no material issue of fact as to Plaintiffs' allegations. CitiMortgage's Motion for Summary Judgment as to Plaintiffs' wrongful foreclosure claim is **GRANTED.**

### D. Tortious Interference

Plaintiffs allege in Count X that CitiMortgage foreclosed on the Property after Plaintiff Albert consummated a sale of the Property and, therefore,

9

CitiMortgage tortiously interfered with that sale. Dkt. No. [1-2] at ¶¶ 54-55. To prove a claim for tortious interference with contract or property rights under Georgia law, a plaintiff must show the defendant "(1) acted improperly without privilege, (2) purposely and with malice with intent to injure, (3) induced a third party or parties not to enter into or continue a business relationship with [Plaintiff], and (4) for which [Plaintiff] suffered some financial injury." Beeson v. Crouch, 490 S.E.2d 118, 123 (Ga. Ct. App. 1997).

Plaintiffs do not allege that CitiMortgage acted with malice or intent to injure. Indeed, Plaintiffs have admitted that CitiMortgage did not act with malice or specific intent to injure Plaintiffs at any time. Dkt. No. [11-2] at ¶ 22. Further, Plaintiffs admitted that Plaintiff Albert did not consummate a sale of the Property prior to the foreclosure (Dkt. No. [11-2] at ¶ 19), leaving it impossible for CitiMortgage to have interfered with any sale. Plaintiffs' admissions that CitiMortgage never acted with malice or intent to injure and that there was no sale with which CitiMortgage could have tortiously interfered leave no genuine issue of material fact for Plaintiffs' tortious interference claim. CitiMortgage's Motion for Summary Judgment as to Plaintiffs' tortious interference claim is **GRANTED.**

10

### E. Conversion

In Count XI, Plaintiffs allege that CitiMortgage's actions were inconsistent with their rights as owners when they exercised use and control over Plaintiffs' property without compensating Plaintiffs. Dkt. No. [1-2] at ¶¶ 57-58. To establish a claim for conversion, a plaintiff must show: "(1) title to the property or the right of possession, (2) actual possession in the other party, (3) demand for return of the property, and (4) refusal by the other party to return the property." Trey Inman & Assocs. v. Bank of Am., 702 S.E.2d 711, 716 (Ga. Ct. App. 2010) (quoting Internal Med. Alliance, LLC v. Budell, 659 S.E.2d 668, 675 (Ga. Ct. App. 2008)).

As Plaintiffs admitted that CitiMortgage did not unlawfully exercise any ownership or other interest over Plaintiffs' personal property at any time, (Dkt. No. [11-2] at ¶ 17), there is no material issue of fact to Plaintiffs' claim for conversion. CitiMortgage's Motion for Summary Judgment as to Plaintiffs' conversion claim is **GRANTED.**

### F. Wrongful Eviction

In Count XII, Plaintiffs allege that Plaintiff Mukaram was wrongfully evicted from the Property in violation of his one-year lease agreement with

11

Plaintiff Albert, which was entered into on or about July 6, 2009. Dkt. No. [1-2] at ¶¶ 60-61. However, Plaintiffs have admitted that they cannot identify any contractual provision, law, or regulation which CitiMortgage violated in connection with the eviction. Dkt. No. [11-2] at ¶ 13.

Plaintiffs also allege that CitiMortgage removed Plaintiff Mukaram's personal property from the Property and appropriated it, amounting to conversion. Dkt. No. [1-2] at ¶¶ 62-63. But, Plaintiffs have admitted that CitiMortgage did not unlawfully exercise any ownership or other interest over Plaintiffs' personal property at any time. Dkt. No. [11-2] at ¶ 17. As such, there can be no genuine issue of material fact as to Plaintiffs' allegations. CitiMortgage's Motion for Summary Judgment as to Plaintiffs' wrongful eviction and conversion claim is **GRANTED.**

### G. Attorneys Fees and Punitive Damages

Plaintiffs request an award of attorney's fees and punitive damages. Dkt. No. [1-2] at 8-9. However, an award of attorney's fees and punitive damages are only predicated on first finding compensatory damages for the underlying claims. D.G. Jenkins Homes, Inc. v. Wood, 582 S.E.2d 478, 482 (Ga. Ct. App. 2003) (citing Wade v. Culpepper, 279 S.E.2d 748 (Ga. Ct. App. 1981)). Further,

Plaintiffs admit that CitiMortgage did not act in bad faith, with malice, or with the specific intent to injure Plaintiffs at any time. Because Plaintiffs are not entitled to compensatory damages on any of their claims and Defendant did not act in bad faith, Plaintiffs cannot recover attorney's fees or punitive damages.

## Conclusion

Based on the foregoing, CitiMortgage's Motion for Summary Judgment [11-1] is **GRANTED**. The Clerk is directed to close this case.

**SO ORDERED**, this   29th   day of August, 2011.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

13